UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 13-14018-CR-MOORE/LYNCH

UNITED STATES OF AMERICA,

    Plaintiff,

v.

THOMAS JOSEPH CLOSE,

    Defendant.
_____/

FILED by _____ D.C.

APR - 4 2013

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - FT. PIERCE

## DETENTION ORDER

Pursuant to Title 18, United States Code, Section 3142(f), on April 4, 2013, a detention hearing was held to determine whether the Defendant, Thomas Joseph Close, should be detained prior to trial. Having considered the factors enumerated in Title 18, United States Code, Section 3142(g), this Court finds that no condition or combination of conditions will reasonably assure the appearance of the Defendant as required and/or the safety of any other person or the community. Therefore, it is hereby ordered that the Defendant be detained prior to trial and until the conclusion thereof.

In accordance with the provisions of Title 18, United States Code, Section 3142(i), the Court hereby makes the following findings of fact and statement of reasons for the detention:

    1.    The Defendant is charged by Indictment with possession of ammunition by a convicted felon, in violation of Title 18, United States Code, Section 922(g)(1) and 924(e).

The present charges pending against the Defendant carry a maximum sentence of up to life. Therefore, the Defendant is subject to the provisions of the Bail Reform Act

and detention.  This Court did state on the record at the conclusion of the Detention Hearing that in the event discovery reveals that the Defendant's prior convictions do not serve as a sufficient predicate to subject the Defendant to a maximum of life in prison, this Court will permit counsel for the Defendant to file a motion to reconsider the issue of detention.  However, at this time the Indictment pending against the Defendant does charge him with a significant offense involving a possible maximum sentence of life in prison.

The proffer of the government stated that on or about October 14, 2012, Officer Rivas of the Sebastian Police Department was on routine traffic enforcement shortly before midnight of that date.  He observed the Defendant drive by on his motorcycle exceeding the posted speed limit.  Officer Rivas made a traffic stop of the Defendant.

Officer Rivas asked the Defendant if he had any weapons and the Defendant stated that he did not.  Officer Rivas checked the Defendant's driver's license which had been handed to him and it was valid.  There were also no issues concerning the registration of the motorcycle.  While holding the Defendant's driver's license, Officer Rivas asked for consent to search the Defendant and the Defendant consented.

Officer Rivas had the Defendant turn so he could conduct the search and when he did, Officer Rivas observed, by use of his flashlight, a pistol grip protruding from one of the Defendant's back pockets.  The gun was retrieved.  It was determined to be a .380 caliber handgun with six rounds of ammunition in it.  The Defendant was arrested.

The Defendant was read his <u>Miranda</u> rights and waived those rights. He agreed to make a statement to Officer Rivas.  The Defendant admitted to being a convicted felon and stated that he had previously been a member of the Pagans Motorcycle Club.

He told the officer that he had gotten into an argument that evening with the motorcycle gang and they had "stripped him" of his motorcycle colors and he had the gun to protect himself from them and other individuals. He also, at the same time, said he had forgotten that he had the gun on him since he had removed it from a vehicle that his wife was using while she drove to New Jersey where the Defendant has family ties and where he works.

There was a great deal of confusing testimony which this Court addressed on the record concerning the Defendant not wanting his wife to become involved in some criminal activity that some Pagans motorcycle members were purportedly going to commit somewhere in the State of Maryland. It was so unclear to this Court what relevance that testimony had concerning the issues of the Defendant being a prior convicted felon in possession of ammunition, that this Court stated on the record that it would not consider any of that testimony in making a decision concerning pretrial detention or bond. If anyone wishes to review that testimony further, it is all on the record. Since this Court is not taking that into consideration one way or the other, it will not take the time to recite herein all of that confusing, speculative, and disjointed testimony concerning the Pagans Motorcycle Club.

The Defendant had present in the courtroom his wife who works for the Wal-Mart Distribution Center in St. Lucie County, Florida. They have been married for 32 years. Also present was a Mr. Christopher Cartolaro who lives in Sebastian, Florida. He has known the Defendant for ten years, first in the State of New Jersey and now as a neighbor in Sebastian. Mr. Cartolaro owns property and is willing to co-sign a bond for the Defendant should the Court set one.

2. The Defendant has worked for the past six months for Leading Edge Recovery in Hamilton, New Jersey. It is a drug rehabilitation center. He travels to New Jersey and works there from Monday through Friday and sometimes comes home on weekends. While in the State of New Jersey, where the Defendant is originally from, he stays with one of his children. The Defendant has a Master's Degree in Human Service. The Defendant owns his motorcycle, which is the vehicle he was operating at the time of the traffic stop in this case. He has a minimal amount of money in a bank account. His home in Sebastian is currently in foreclosure.

The Defendant has prior convictions dating back to 1974 for larceny, burglary, burglary, larceny, possession of stolen property, larceny, burglary, attempt to commit burglary, burglary, assault (felony), receiving stolen property, burglary, larceny, obstructing police, and burglary.

3. There is probable cause to believe the Defendant committed the offense set forth in the Indictment. At this point, the weight of the evidence against the Defendant is great as to his possession of the ammunition and his being a convicted felon. This Court has taken into consideration the Defendant's prior record which is significant. He has several felony convictions. It is to his credit that his most recent conviction is over almost 23 years ago. Nevertheless, this Court cannot overlook the fact that the Defendant had in his possession a firearm, which he at first said that he forgot he had and then later told the officer that he was carrying for protection from other individuals. This Court also cannot overlook the Defendant's prior criminal history. Accordingly, this Court finds the Defendant to be a risk of flight and a danger to the community. He does not have significant ties to this area even though he and his wife

4

reside here. The Defendant's home is in foreclosure and it appears as though he works in the State of New Jersey.

As to being a danger to the community, this Court considers his carrying a weapon for what he perceived to be necessary self-defense. He is a prior convicted felon, knew that fact and knew the prohibition against his being in possession of the firearm and ammunition. He shall be detained accordingly.

4. The Court specifically finds that there is no condition or combination of conditions which will reasonably assure the appearance of the Defendant as required and/or the safety of any other person and the community. Title 18, United States Code, Section 3142(e).

Based upon the above findings of fact, which were supported by clear and convincing evidence, the Court has concluded that this Defendant presents a risk of flight and a danger to the community. The Court hereby directs:

    a. That the Defendant be committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practical, from persons awaiting or serving sentences or being held in custody pending appeal;

    b. That the Defendant be afforded reasonable opportunity for private consultation with counsel; and

    c. That, on order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which the Defendant is confined deliver the Defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

**DONE AND ORDERED** this 4th day of April, 2013, at Fort Pierce, Northern Division of the Southern District of Florida.

_____
FRANK J. LYNCH, JR.
UNITED STATES MAGISTRATE JUDGE

cc:
AUSA Adam C. McMichael
AFPD Fletcher Peacock
Pretrial Services
U.S. Marshal