UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.13-14018-CR-MOORE/LYNCH

UNITED STATES OF AMERICA,

　　Plaintiff,

v.

THOMAS JOSEPH CLOSE,

　　Defendant.
_____/

FILED by _____ D.C.

MAY 29 2013

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - FT. PIERCE

## REPORT AND RECOMMENDATION ON CHANGE OF PLEA

**THIS CAUSE** having come on to be heard upon the Order of Reference from the District Court for this Court to conduct a proceeding for acceptance of a guilty plea by the Defendant in the above referenced case and this Court having conducted a change of plea hearing on May 29, 2013, this Court recommends to the District Court as follows:

　　1.　　On May 29, 2013, this Court convened a hearing to permit the Defendant to enter a change of plea in the aforementioned matter. At the outset of the hearing this Court advised the Defendant of his right to have these proceedings conducted by the District Judge assigned to the case. Further, this Court advised the Defendant that this Court was conducting the change of plea hearing on an Order of Reference from the District Court and at the request of the Defendant, the Defendant's attorney and the Assistant United States Attorney assigned to this case. This Court further advised the Defendant that the District Judge assigned to this case would be the sentencing judge and would make all findings and rulings concerning the Defendant's sentence and would conduct a sentencing hearing at a time set by the District Court.

2. This Court advised the Defendant that he did not have to permit the undersigned United States Magistrate Judge to conduct this hearing and could request that the change of plea hearing be conducted only by a United States District Judge. The Defendant, the Defendant's attorney and the Assistant United States Attorney assigned to the case all agreed on the record and consented to this Court conducting the change of plea hearing.

3. This Court conducted a plea colloquy in accordance with the outline set forth in the Bench Book for District Judges.

4. There is no written plea agreement in this case. Therefore, this Court read the Indictment to the Defendant. The Defendant pled guilty to the sole count of the Indictment which charges that the Defendant, having been previously convicted of a crime punishable by imprisonment for a term exceeding one year, did knowingly possess ammunition in and affecting interstate and foreign commerce, to wit: six (6) rounds of .380 auto caliber ammunition found loaded inside a Kel Tec .380 auto caliber firearm that was recovered from the Defendant's person, in violation of Title 18, United States Code, Sections 922(g)(1) and 924(e)(1). At the conclusion of reading the Indictment to the Defendant, the Defendant stated that he understood the charges against him.

5. The government announced the possible maximum penalties in respect to the Indictment. The Defendant acknowledged that he understood any possible minimum and maximum penalties which could be imposed in this case.

6. The parties submitted a written Stipulated Factual Basis which was signed by counsel for the government, counsel for the Defendant, and the Defendant. The Defendant acknowledged that he has discussed this Stipulated Factual Basis with his counsel, he completely understands the Stipulated Factual Basis and agrees that this Stipulated Factual

Basis accurately sets forth the facts in his case as he understands them to be. This Court finds that the factual basis sets forth all of the essential elements of the crime to which the Defendant is pleading guilty. Counsel for the government and counsel for the Defendant agreed that the Stipulated Factual Basis need not be read into the record since the original has been signed by all parties, including the Defendant, and the original will be filed with the Court.

7. The Defendant also agreed to forfeit voluntarily and immediately his right, title and interest to the following property which is subject to forfeiture:

   a. Six (6) rounds of .380 auto caliber ammunition

8. Based upon all of the foregoing and the plea colloquy conducted by this Court, this Court recommends to the District Court that the Defendant be found to have freely and voluntarily entered his guilty plea to the Indictment as more particularly described herein and that the Defendant be adjudicated guilty of that offense.

9. A pre-sentence investigation is being prepared for the District Court by the United States Probation Office and sentencing has been set for **Monday, September 9, 2013, at 10:00 a.m., at the United States District Courthouse, Courtroom #4008, 101 South U. S. Highway 1, Fort Pierce, Florida**.

**ACCORDINGLY,** this Court recommends to the District Court that the Defendant's plea of guilty be accepted, the Defendant be adjudicated guilty of the offense to which he has entered his plea of guilty and be found to have forfeited his right, title and interest in the property more particularly described in the Plea Agreement and that a sentencing hearing be conducted for final disposition of this matter.

The parties shall have fourteen (14) days from the date of this Report and Recommendation within which to file objections, if any, with the Honorable K. Michael

Moore, the United States District Judge assigned to this case. Pursuant to Federal Rules of Criminal Procedure, Rule 59(b)(2), failure to file objections timely waives a party's right to review and bars the parties from attacking on appeal any legal rulings and factual findings contained herein.

**DONE AND SUBMITTED** this ____ day of May, 2013, at Fort Pierce, Northern Division of the Southern District of Florida.

FRANK J. LYNCH, JR.
UNITED STATES MAGISTRATE JUDGE

Copies furnished:
Hon. K. Michael Moore
AUSA Russell Killinger
AFPD Fletcher Peacock
U. S. Probation
U. S. Marshal