```
              IN THE UNITED STATES DISTRICT COURT
            FOR THE SOUTHERN DISTRICT OF FLORIDA
                  CASE NO. 13-14018CR-KMM


UNITED STATES OF AMERICA,

                Plaintiff,             SEPTEMBER 9, 2013
        vs.
                                       FT. PIERCE, FLORIDA
THOMAS JOSEPH CLOSE,

                Defendant.              Pages 1 - 23

_____/



              TRANSCRIPT OF SENTENCING HEARING
           BEFORE THE HONORABLE K. MICHAEL MOORE
                UNITED STATES DISTRICT JUDGE



APPEARANCES:

FOR THE PLAINTIFF:      RUSSELL KILLINGER, AUSA
                        Office of U.S. Attorney
                        101 South U.S. Highway 1
                        Fort Pierce, Florida  34950


FOR THE DEFENDANT:      FLETCHER PEACOCK, AFPD
                        Office of U.S. Public Defender
                        109 North 2nd Street
                        Fort Pierce, Florida  34950




REPORTED BY:            DIANE MILLER, RMR, CRR
                        Official United States Court Reporter
                        400 N. Miami Avenue
                        Miami, FL  33128
                        (305)523-5251
                        diane_miller@flsd.uscourts.gov
```

MONDAY, SEPTEMBER 9, 2013.

```
 1                   P–R–O–C–E–E–D–I–N–G–S
 2            MR. KILLINGER:  Good morning, Russell Killinger on
 3   behalf of the United States –– or good afternoon, I should
 4   say.
 5            THE COURT:  Good afternoon.
 6            MR. PEACOCK:  Good afternoon, Your Honor; Fletcher
 7   Peacock on behalf of Mr. Close.
 8            THE COURT:  Good afternoon.
 9            Okay, the Defendant is present.
10            MR. PEACOCK:  Yes, sir.
11            THE COURT:  We will take up your objections.
12            MR. PEACOCK:  Yes, Your Honor.
13            Judge, the presentence report has categorized
14   Mr. Close as an armed career criminal pursuant to 18 USC
15   924(e).  We would object to that characterization.
16            The first objection that I had filed was based on
17   Apprendi versus New Jersey.  In that case, the Supreme Court
18   held that anything which increased the statutory maximum of
19   the sentence must be pled to the grand jury and proven beyond
20   a reasonable doubt to a petit jury.
21            THE COURT:  Other than the fact of a prior
22   conviction.
23            MR. PEACOCK:  Yes.  I was going to finish that
24   sentence by saying that they did indicate that proviso.  Your
25   Honor, that was a five to four decision.  Since that time, I
```

MONDAY, SEPTEMBER 9, 2013.

```
 1   believe in Almendarez-Torrez, the justice is escaping my mind,
 2   but's he has come out and said that he would not vote that way
 3   anymore, and that if the case came up today, he would vote
 4   that prior convictions must be proven as well under Apprendi.
 5          I would argue to the Court that that would apply to
 6   this case as well.  What we have here, we have convictions
 7   that go -- I think the oldest -- or the youngest is 22 years
 8   old, some of them go back to the 70's.  I would argue that
 9   under Apprendi, those should be proven -- pled to the grand
10   jury and proven to a petit jury as well.
11          THE COURT:  Okay, any response from the Government?
12          MR. KILLINGER:  Your Honor, I laid out the response
13   in my response that I filed back on August 23rd that -- the
14   short answer is is that until and unless the Supreme Court
15   overrules Almendarez versus Torrez, both the Supreme Court
16   precedent and obviously current 11th Circuit precedent
17   forecloses that argument.
18          I understand Mr. Peacock's wanting to preserve that
19   objection, and he has; but as of right now, that's the
20   controlling law and it is binding on this Court.  So the
21   Government does not have to prove as of today, and certainly
22   not when this indictment is returned.  We do not have to
23   allege the convictions in the indictment, nor do we have to
24   prove them up to a jury, if it goes to a jury trial or in a
25   factual stipulation, which we have in this case.
```

MONDAY, SEPTEMBER 9, 2013.

1          I would note that the Defendant has admitted to a

2    number -- in fact, one, two, three, four, five.  In the

3    factual stipulation, he admits that he -- that those are -- at

4    least those five are his prior convictions, so.

5          MR. PEACOCK:  Your Honor, the name that escaped me is

6    Justice Thomas, if the Court can forgive me.

7          That is correct, there is controlling authority

8    against that argument, but I do need to preserve that

9    argument.

10          THE COURT:  So that's the way I'm treating this, that

11    as a matter of law, I'm bound by *Apprendi* and that these prior

12    convictions do not have to be submitted to a jury.  But that

13    you are making the objection to preserve the objection in the

14    event of the change in the law at some future time, and I'll

15    treat it as such.

16          But so that we are clear on this, you are not

17    contesting the fact of any of these prior convictions, are

18    you?

19          MR. PEACOCK:  Well, we had contested that some of

20    them qualified, Your Honor, under 924(e).  In response, the

21    Government has provided me with copies of the judgments and

22    many of the underlying documents.  I believe they also

23    attached that to a response to the Court.  I have been able to

24    go through those; and in all candor with the Court, it does

25    appear to me that at least three of those qualify as prior

MONDAY, SEPTEMBER 9, 2013.

```
1   convictions under 924(e).
2           THE COURT:  And so the fact of the -- the conviction
3   is not in dispute, it's just the application of those
4   convictions for determining the career offender provision that
5   you are preserving as your objection.
6           Also in that regard, what is the -- what would be the
7   difference in the maximum possible penalty that the Defendant
8   would be facing if he were not determined to be an armed
9   career criminal?
10          MR. PEACOCK:  It would be a ten-year maximum, Your
11  Honor.
12          THE COURT:  As opposed to the --
13          MR. PEACOCK:  To a life.
14          THE COURT:  -- fifteen years to life?
15          MR. PEACOCK:  Yes, sir.
16          THE COURT:  Okay.  So we will note the objection and
17  deny it and note that you have preserved that for appellate or
18  collateral purposes.
19          Your next objection?
20          MR. PEACOCK:  Your Honor, the presentence
21  investigation report had noted three convictions that it felt
22  that qualified -- Probation felt qualified.  I had objected to
23  the conviction in Paragraph 32 and the conviction in Paragraph
24  34 as not qualifying.
25          Now once again, as I indicated before, the Government
```

MONDAY, SEPTEMBER 9, 2013.

1  responded and provided documents including judgments and

2  underlying documentation from other convictions which were not

3  listed as the three qualifiers in the PSI; and after looking

4  closely at those, it does appear to me that there is the

5  documentation that would support that.  I can't argue to the

6  Court that it's not there.

7              THE COURT:  So you --

8              MR. PEACOCK:  It's not the three that were in the

9  PSI.  I think two of those qualified.

10              I'm sorry, Judge, I don't want to speak out, let me

11  make sure I'm clear.  The PSI indicated that the convictions

12  in Paragraphs 30, 32, and 34 qualify.  I had filed objections

13  to the convictions in Paragraphs 32 and 34.  In response, the

14  Government had provided documentation regarding several other

15  convictions which are listed in the PSI which appear to

16  qualify as predicate offenses under 924(e).

17              So even if you are right, it doesn't make a

18  difference?

19              MR. PEACOCK:  Well, Your Honor, I have to be candid.

20  I think the documentation is there.

21              THE COURT:  Okay.  So are you standing on your

22  objection?  Are you withdrawing your objection, or what are

23  you doing?  Do you have an objection?

24              MR. PEACOCK:  Yes, Your Honor, we did.  We objected

25  to the convictions in Paragraph 32 and 34 as qualifying

MONDAY, SEPTEMBER 9, 2013.

1    offenses.  I want to be clear on that, I'm not just --

2              THE COURT:  Okay.

3              MR. PEACOCK:  For instance --

4              THE COURT:  What's the Government's response to 32

5    and 34?

6              MR. KILLINGER:  Your Honor, neither Probation nor the

7    Government were able to get the underlying documents for the

8    conviction in 32, so we are not relying on that, as I set

9    forth in my memorandum, because I don't have the documents and

10   I have the burden of proving that.

11             Thirty-four is included in the memorandum.  We had

12   the underlying charging indictment, and we have the

13   conviction, which clearly shows that it was a burglary of a

14   building or a structure.

15             So the record is clear, Judge, the convictions that

16   we are relying on -- I say "we" -- the Government is relying

17   on are the convictions outlined in Paragraphs 23, 24, 27, 28,

18   29, and 34 of the PSI.  Those are the ones that I have

19   attached to my response, both the charging documents as well

20   as the copies of the convictions.  One of those was an

21   attempted burglary of a residence, which I point out there is

22   a Supreme Court case directly on point, *James*, I think, from

23   the Supreme Court that says that attempted burglary is a

24   violent felony under the residual clause of the armed career

25   criminal statute.

MONDAY, SEPTEMBER 9, 2013.

1          There was no objection to the conviction in Paragraph

2    30, which is an atrocious assault and battery.  And just in an

3    abundance of caution, I have included the charging document in

4    that which alleges that the assault -- he did commit an

5    assault and battery on a Brian Hannon by atrociously striking,

6    cutting, beating, lacerating, wounding, and maiming.  So

7    clearly, that qualifies as a crime of violence under prong two

8    of the ACCU.

9          One further -- and all of the other ones that I

10   indicated are burglaries, which I have gone through the

11   analysis.  Under the most recent Supreme Court case of

12   *Descamps* and demonstrated that although at various times the

13   New Jersey statute was not a generic burglary statute, it

14   being nongeneric, that at all times relevant to all of these

15   convictions, the same statutes were certainly divisible as

16   opposed to being nondivisible; and that takes you to the next

17   step of having to look at the underlying documents, the

18   charging instruments, and the convictions to determine whether

19   he was actually convicted of generic burglary, which all of

20   them in this case, are.  And I think Mr. Peacock has

21   acknowledged as such.

22         The only other comment that I would make, Judge, and

23   I set it forth in my memorandum is -- and again, now it is my

24   time to make sure I preserve every argument that the

25   Government may have, if it finds its way to the 11th Circuit,

MONDAY, SEPTEMBER 9, 2013.

```
 1    is that I would ask the Court not only to find that the

 2    burglaries are qualified in the enumerated offenses clause of

 3    the Armed Career Criminal Act, but they would also qualify

 4    alternatively under the residual clause, which allows the

 5    Court to make a determination that they otherwise involve

 6    conduct that represents a serious potential risk of physical

 7    injury to another.

 8           That argument is made on behalf of the burglaries, as

 9    well as the atrocious assault and battery.  And as I indicated

10    before, Supreme Court in James has already held clearly that

11    an attempted burglary of a structure or a building, that being

12    a generic style of burglary, is a -- is a qualifying predicate

13    offense under the residual clause.

14           THE COURT:  Well, this is for an enhancement pursuant

15    to 924(e), correct?

16           MR. KILLINGER:  Correct, Your Honor.

17           THE COURT:  And how many -- is there a minimum number

18    of convictions?

19           MR. KILLINGER:  Three.

20           THE COURT:  Three.  And how many are you claiming

21    that he has?

22           MR. KILLINGER:  Seven qualifying.

23           THE COURT:  Seven qualifying.  And identify again

24    which paragraphs --

25           MR. KILLINGER:  Yes, Your Honor.
```

MONDAY, SEPTEMBER 9, 2013.

1          THE COURT:  -- in the PSI they would be.

2          MR. KILLINGER:  The first one is in Paragraph 23.

3          THE COURT:  Breaking and entering with intent to

4    steal and larceny.

5          MR. KILLINGER:  Correct.

6          The next one is Paragraph 24.

7          THE COURT:  Breaking and entering with intent to

8    steal.

9          MR. KILLINGER:  The next one is 27, which is actually

10   two separate burglary convictions occurring on different dates

11   but consolidated apparently -- well, actually, they were

12   consolidated in the same indictment; but if you look at the

13   indictment, they are clearly two separate burglaries on two

14   separate occasions, two separate buildings.  And that would be

15   Paragraph 27.

16         THE COURT:  Do each of them qualify by themselves

17   or --

18         MR. KILLINGER:  Yes, yes.

19         THE COURT:  Those were Counts 3 and 9?

20         MR. KILLINGER:  Yes, that is correct, Your Honor.

21         MR. PEACOCK:  Well --

22         THE COURT:  Okay.

23         MR. PEACOCK:  -- not necessarily, Judge; it depends.

24   There is a test for that as to whether they -- separate counts

25   would qualify as separate convictions.

MONDAY, SEPTEMBER 9, 2013.

1    THE COURT:  I mean, is this the intervening arrest?

2    MR. PEACOCK:  It's whether there was an intervening

3    time period where the Defendant basically had time to reflect.

4    THE COURT:  What is the date on Count 3?

5    MR. KILLINGER:  Count 3 is on the 20th day of July,

6    1975.

7    MR. PEACOCK:  They are the same day, Judge.

8    MR. KILLINGER:  Right, the jurisdiction -- he did

9    unlawfully break and enter a building by [unintelligible] city

10   with intent to steal.  And then Count 9 is on the 24th day of

11   August.

12   THE COURT:  Four days later.

13   MR. KILLINGER:  So they are not the same day.  He did

14   willfully [unintelligible] break and enter the building of

15   [unintelligible] with the felonious intent to steal, take and

16   carry away money and goods and chattels of [unintelligible]

17   Village contrary to the provisions of the statute, so.

18   MR. PEACOCK:  That's correct, I was saying that

19   Counts 3 and 4 were on the same day.

20   THE COURT:  Three and 9 are the ones being used --

21   MR. KILLINGER:  Correct.

22   THE COURT:  -- and they were on separate dates.  So

23   each of them would qualify independently.

24   MR. KILLINGER:  Right.

25   THE COURT:  Okay.  Next?

MONDAY, SEPTEMBER 9, 2013.

1          MR. KILLINGER:  The next one is Paragraph 28, that's

2    the attempted breaking and entering.

3          THE COURT:  Okay.

4          MR. KILLINGER:  And the next one is Paragraph 29,

5    breaking and entering with intent to steal.

6          Paragraph 30 is the atrocious assault and battery.

7          And the last one is Paragraph 34, which is burglary.

8          THE COURT:  What happened with 32?

9          MR. KILLINGER:  Thirty-two, we are not relying on, we

10   don't have the documents.  We don't have the underlying

11   documents for that.

12         THE COURT:  Okay.  So, one, two, three, four, five,

13   six, seven, eight is what I count.

14         MR. KILLINGER:  There is eight, but let me just

15   double-check that, hold on.

16         We have one, two, and then three and four.

17         THE COURT:  Right.

18         MR. KILLINGER:  Five and six and seven -- that's

19   right, Your Honor, eight all together, eight crimes, seven

20   burglaries or attempted burglaries.  Eight qualifying

21   predicate offenses, correct.

22         THE COURT:  And he only needs three.

23         MR. KILLINGER:  He only needs three.

24         THE COURT:  Okay.  So we will note the objection and

25   deny it and also make the finding pursuant to -- what is that

```
1    provision that you were relying on, the catch-all provision?
2          MR. KILLINGER:  Oh, it's prong three of the ACCA, it
3    is known as the residual clause --
4          THE COURT:  Okay.
5          MR. KILLINGER:  -- which reads that the crime has to
6    be otherwise involved conduct that presents a serious
7    potential risk of physical injury to another.
8          THE COURT:  So we will include that as the basis for
9    making the determination of the armed career criminal.  There
10   is no other objection?
11         MR. PEACOCK:  Those are the objections, Your Honor.
12         THE COURT:  Probation Office calculated offense level
13   30, criminal history category as one and a guideline range of
14   180 months; is that correct?
15         MR. PEACOCK:  After the objections are overruled, it
16   is, sir.
17         THE COURT:  Okay.  Mr. Close, do you want to say
18   anything on your own behalf before sentence is imposed?
19         THE DEFENDANT:  Yes, Your Honor.
20         I just want to say, you know, I'm sorry for this
21   incident that happened.  In listening to, you know, these
22   convictions and all from my past, to me it's like that was
23   another lifetime.  That's when I was addicted to heroin.  I
24   haven't been in trouble in 23 years.  I recognize what the
25   statute calls for.  I understand, you know, my responsibility
```

MONDAY, SEPTEMBER 9, 2013.

1    to this.  I just apologize to the Court and mainly to my

2    family for putting them through this.

3                THE COURT:  Anything on his behalf?

4                MR. PEACOCK:  Yes, Your Honor.

5                I just would note that the age of the convictions, we

6    are actually going on 20 years since Mr. Close was arrested or

7    was released from custody on that last conviction.  He did

8    have a substance abuse problem and turned it around.  He

9    actually became a drug counselor.  He actually got his masters

10   degree in Philadelphia, Pennsylvania, he became a drug

11   counselor.  He became responsible for administering drug

12   counseling centers.  He was the director of at least one.

13               He came to Florida to start over; at first, things I

14   think went okay, but then he started going through a period of

15   depression where he began drinking, which he can't do.  He is

16   a substance abuser, and it doesn't matter what the substance

17   is, he can't do that.  But he did it because of the depression

18   that he was suffering, and he got in this rut.  Honestly, it

19   is one of the more inexplicable cases that I have had that

20   somebody would have this happen to them this late in life.

21               He is a really good person.  His family is here in

22   support.

23               I sent up letters to the Court.  Did the Court get

24   the character letters?

25               THE COURT:  Yes, I did.

MONDAY, SEPTEMBER 9, 2013.

1       MR. PEACOCK:  His family is here in support of him

2  today, in the entire back row, family and friends.

3       He is respected by people throughout the drug

4  treatment community in New Jersey and in Florida.  This is

5  just a tragedy, Your Honor.  I would ask that the Court to

6  sentence him to the least amount of time that you can.

7       THE COURT:  Anything from the Government?

8       MR. KILLINGER:  Not at this time, Your Honor.

9       THE COURT:  The Court has considered the statements

10  of all parties, the presentence report which contains the

11  advisory guidelines and the statutory factors as set forth in

12  Title 18, United States Code, Section 3553(a).  It is the

13  finding of the Court if the Defendant is not able to pay the

14  fine.

15       The judgment of the Court of the Defendant Thomas

16  Joseph Close is committed to the Bureau of Prisons to be

17  imprisoned for 180 months.  Upon release from imprisonment,

18  the Defendant shall be placed on supervised release for a term

19  of two years.  Within 72 hours of release, the Defendant shall

20  report in person to the Probation Office in the district where

21  released.

22       While on supervised release, the Defendant shall not

23  commit any crimes, shall be prohibited from possessing a

24  firearm or other dangerous device, shall not possess a

25  controlled substance, shall cooperate in the collection of DNA

MONDAY, SEPTEMBER 9, 2013.

1   and is shall comply with the standard conditions of supervised

2   release including the following special condition:

3   Permissible search as noted in Part G of the presentence

4   report.

5           The Defendant shall immediately pay to the United

6   States a special assessment of $100.

7           Total sentence, 108 months in imprisonment, two years

8   supervised release, and a $100 special assessment.

9           Forfeiture of the Defendants' right, title and

10  interest in certain property is hereby ordered.  Consistent

11  with the plea agreement, the United States shall submit a

12  proposed order of forfeiture within three days of this

13  proceeding.

14          Now that sentence has been imposed, does the

15  Defendant or his counsel object to the Court's finding of fact

16  or to the manner in which sentence was pronounced?

17          MR. PEACOCK:  No, Your Honor.  The previously posed

18  objections we would reserve.

19          THE COURT:  Mr. Close, do you understand you have a

20  right to appeal the sentence that I've imposed?

21          THE DEFENDANT:  Yes I do, Your Honor.

22          THE COURT:  Do you wish to appeal?

23          THE DEFENDANT:  No, sir.

24          THE COURT:  Thank you.

25          MR. KILLINGER:  Your Honor, may I clarify the record,

MONDAY, SEPTEMBER 9, 2013.

1   for a minute, please.  There was no plea agreement in this

2   case; and before you said that, I was going to say that the

3   Government would move to dismiss the forfeiture count, which

4   is six bullets at this point.

5          THE COURT:  Okay.  We will grant that, and to that

6   extent, we will reflect that in -- omit that from any judgment

7   and commitment as well.

8          MR. KILLINGER:  Thank you, Judge.

9          MR. PEACOCK:  Your Honor, one other thing about place

10  a designation, if I may have just a minute.

11         THE COURT:  Okay.

12         MR. PEACOCK:  Your Honor, Mr. Close has a lot of

13  family and friends in the New Jersey area, he would ask the

14  Court to recommend a facility, a treatable facility as close

15  to that area as possible.

16         THE COURT:  We will include that in the judgment

17  commitment.

18         MR. PEACOCK:  Your Honor, I don't know if he

19  qualifies under BOP regulations, but I would also ask the

20  Court to recommend the 500-hour drug treatment program.  He

21  definitely has a history of drug abuse.

22         THE COURT:  Where is that reflected in the

23  presentence report?

24         MR. PEACOCK:  Your Honor, in Paragraph 54.

25         THE COURT:  Okay.  We will include that in the

MONDAY, SEPTEMBER 9, 2013.

```
 1   judgment and commitment as well.

 2           MR. PEACOCK:  Thank you, sir.

 3           THE COURT:  Okay.

 4       (PROCEEDINGS ADJOURNED AT 1:32 p.m.)

 5                   C-E-R-T-I-F-I-C-A-T-E

 6           I hereby certify that the foregoing is an

 7   accurate transcription and proceedings in the

 8   above-entitled cause.

 9   6/17/2014                /s/ DIANE M. MILLER
     DATE                     DIANE M. MILLER, RMR, CRR
10                            Official United States Court Reporter
                              Wilkie D. Ferguson Jr. U.S. Courthouse
11                            400 North Miami Avenue
                              Miami, FL  33128
12                            305-523-5152   (fax) 305-523-5159

13

14

15

16

17

18

19

20

21

22

23

24

25
```

MONDAY, SEPTEMBER 9, 2013.

**$**

$100 [2]  16/6 16/8

**/**

/s [1]  18/9

**1**

101 [1]  1/15
108 [1]  16/7
109 [1]  1/18
11th [2]  3/16 8/25
13-14018CR-KMM [1]  1/2
18 [2]  2/14 15/12
180 [2]  13/14 15/17
1975 [1]  11/6
1:32 [1]  18/4

**2**

20 [1]  14/6
2013 [1]  1/4
2014 [1]  18/9
20th [1]  11/5
22 [1]  3/7
23 [4]  1/7 7/17 10/2 13/24
23rd [1]  3/13
24 [2]  7/17 10/6
24th [1]  11/10
27 [3]  7/17 10/9 10/15
28 [2]  7/17 12/1
29 [2]  7/18 12/4
2nd [1]  1/18

**3**

30 [4]  6/12 8/2 12/6 13/13
305 [1]  1/23
305-523-5152 [1]  18/12
305-523-5159 [1]  18/12
32 [7]  5/23 6/12 6/13 6/25 7/4 7/8 12/8
33128 [2]  1/22 18/11
34 [7]  5/24 6/12 6/13 6/25 7/5 7/18 12/7
34950 [2]  1/15 1/18
3553 [1]  15/12

**4**

400 [2]  1/22 18/11

**5**

500-hour [1]  17/20
5152 [1]  18/12
5159 [1]  18/12
523-5251 [1]  1/23
5251 [1]  1/23
54 [1]  17/24

**6**

6/17/2014 [1]  18/9

**7**

70's [1]  3/8
72 [1]  15/19

**9**

924 [5]  2/15 4/20 5/1 6/16 9/15

**A**

able [3]  4/23 7/7 15/13
about [1]  17/9

above [1]  18/8
above-entitled [1]  18/8
abundance [1]  8/3
abuse [2]  14/8 17/21
abuser [1]  14/16
ACCA [1]  13/2
ACCU [1]  8/8
accurate [1]  18/7
acknowledged [1]  8/21
Act [1]  9/3
actually [6]  8/19 10/9 10/11 14/6 14/9 14/9
addicted [1]  13/23
ADJOURNED [1]  18/4
administering [1]  14/11
admits [1]  4/3
admitted [1]  4/1
advisory [1]  15/11
AFPD [1]  1/17
after [2]  6/3 13/15
afternoon [4]  2/3 2/5 2/6 2/8
again [3]  5/25 8/23 9/23
against [1]  4/8
age [1]  14/5
agreement [2]  16/11 17/1
all [9]  4/24 8/9 8/14 8/14 8/19 12/19 13/1 13/22 15/10
allege [1]  3/23
alleges [1]  8/4
allows [1]  5/4
Almendarez [2]  3/1 3/15
Almendarez-Torrez [1]  3/1
already [1]  9/10
also [5]  4/22 5/6 9/3 12/25 17/19
alternatively [1]  9/4
although [1]  8/12
AMERICA [1]  1/3
amount [1]  15/6
analysis [1]  8/11
another [3]  9/7 13/7 13/23
answer [1]  3/14
any [4]  3/11 4/17 15/23 17/6
anymore [1]  3/3
anything [4]  2/18 13/18 14/3 15/7
apologize [1]  14/1
apparently [1]  10/11
appeal [2]  16/20 16/22
appear [3]  4/25 6/4 6/15
APPEARANCES [1]  1/13
appellate [1]  5/17
application [1]  5/3
apply [1]  3/5
Apprendi [4]  2/17 3/4 3/9 4/11
are [28]
area [2]  17/13 17/15
argue [3]  3/5 3/8 6/5
argument [5]  3/17 4/8 4/9 8/24 9/8
armed [5]  2/14 5/8 7/24 9/3 13/9
around [1]  14/8
arrest [1]  11/1
arrested [1]  14/6
as [36]
ask [4]  9/1 15/5 17/13 17/19
assault [5]  8/2 8/4 8/5 9/9 12/6
assessment [2]  16/6 16/8
atrocious [3]  8/2 9/9 12/6
atrociously [1]  8/5
attached [2]  4/23 7/19

attempted [5]  7/21 7/23 9/11 12/2 12/20
Attorney [1]  1/14
August [2]  3/13 11/11
August 23rd [1]  3/13
AUSA [1]  1/14
authority [1]  4/7
Avenue [2]  1/22 18/11
away [1]  11/16

**B**

back [3]  3/8 3/13 15/2
based [1]  2/16
basically [1]  11/3
basis [1]  13/8
battery [4]  8/2 8/5 9/9 12/6
be [16]  2/19 3/4 3/9 4/12 5/6 5/8 5/8 5/10 6/19 7/1 10/1 10/14 13/6 15/16 15/18 15/23
beating [1]  8/6
became [3]  14/9 14/10 14/11
because [2]  7/9 14/17
been [3]  4/23 13/24 16/14
before [5]  1/10 5/25 9/10 13/18 17/2
began [1]  14/15
behalf [5]  2/3 2/7 9/8 13/18 14/3
being [4]  8/14 8/16 9/11 11/20
believe [2]  3/1 4/22
beyond [1]  2/19
binding [1]  3/20
BOP [1]  17/19
both [2]  3/15 7/19
bound [1]  4/11
break [2]  11/9 11/14
breaking [4]  10/3 10/7 12/2 12/5
Brian [1]  8/5
building [4]  7/14 9/11 11/9 11/14
buildings [1]  10/14
bullets [1]  17/4
burden [1]  7/10
Bureau [1]  15/16
burglaries [6]  8/10 9/2 9/8 10/13 12/20 12/20
burglary [9]  7/13 7/21 7/23 8/13 8/19 9/11 9/12 10/10 12/7
but's [1]  3/2

**C**

C-E-R-T-I-F-I-C-A-T-E [1]  18/5
calculated [1]  13/12
calls [1]  13/25
came [2]  3/3 14/13
can [2]  4/6 15/6
can't [3]  6/5 14/15 14/17
candid [1]  6/19
candor [1]  4/24
career [6]  2/14 5/4 5/9 7/24 9/3 13/9
carry [1]  11/16
case [9]  1/2 2/17 3/3 3/6 3/25 7/22 8/11 8/20 17/2
cases [1]  14/19
catch [1]  13/1
catch-all [1]  13/1
categorized [1]  2/13
category [1]  13/13
cause [1]  18/8
caution [1]  8/3
centers [1]  14/12
certain [1]  16/10

USA vs. Thomas Close

20

## C

certainly [2]  3/21 8/15
certify [1]  18/6
change [1]  4/14
character [1]  14/24
characterization [1]  2/15
charging [4]  7/12 7/19 8/3 8/18
chattels [1]  11/16
check [1]  12/15
Circuit [2]  3/16 8/25
city [1]  11/9
claiming [1]  9/20
clarify [1]  16/25
clause [5]  7/24 9/2 9/4 9/13 13/3
clear [4]  4/16 6/11 7/1 7/15
clearly [4]  7/13 8/7 9/10 10/13
close [9]  1/6 2/7 2/14 13/17 14/6 15/16
 16/19 17/12 17/14
closely [1]  6/4
Code [1]  15/12
collateral [1]  5/18
collection [1]  15/25
come [1]  3/2
comment [1]  8/22
commit [2]  8/4 15/23
commitment [3]  17/7 17/17 18/1
committed [1]  15/16
community [1]  15/4
comply [1]  16/1
condition [1]  16/2
conditions [1]  16/1
conduct [2]  9/6 13/6
considered [1]  15/9
Consistent [1]  16/10
consolidated [2]  10/11 10/12
contains [1]  15/10
contested [1]  4/19
contesting [1]  4/17
contrary [1]  11/17
controlled [1]  15/25
controlling [2]  3/20 4/7
convicted [1]  8/19
conviction [8]  2/22 5/2 5/23 5/23 7/8 7/13
 8/1 14/7
convictions [24]
cooperate [1]  15/25
copies [2]  4/21 7/20
correct [9]  4/7 9/15 9/16 10/5 10/20 11/18
 11/21 12/21 13/14
counsel [1]  16/15
counseling [1]  14/12
counselor [2]  14/9 14/11
count [5]  11/4 11/5 11/10 12/13 17/3
counts [3]  10/19 10/24 11/19
COURT [27]
Court's [1]  16/15
Courthouse [1]  18/10
crime [2]  8/7 13/5
crimes [2]  12/19 15/23
criminal [6]  2/14 5/9 7/25 9/3 13/9 13/13
CRR [2]  1/21 18/9
current [1]  3/16
custody [1]  14/7
cutting [1]  8/6

## D

dangerous [1]  15/24

## E

date [2]  11/4 18/9
dates [2]  10/10 11/22
day [5]  11/5 11/7 11/10 11/13 11/19
days [2]  11/12 16/12
decision [1]  2/25
Defendant [13]  1/7 1/17 2/9 4/1 5/7 11/3
 15/13 15/15 15/18 15/19 15/22 16/5 16/15
Defendants' [1]  16/9
Defender [1]  1/17
definitely [1]  17/21
degree [1]  14/10
demonstrated [1]  8/12
deny [2]  5/17 12/25
depends [1]  10/23
depression [2]  14/15 14/17
Descamps [2]  8/12
designation [1]  17/10
determination [2]  9/5 13/9
determine [1]  8/18
determined [1]  5/8
determining [1]  5/4
device [1]  15/24
diane [4]  1/21 1/23 18/9 18/9
did [9]  2/24 6/24 8/4 11/8 11/13 14/7 14/17
 14/23 14/25
difference [2]  5/7 6/18
different [1]  10/10
directly [1]  7/22
director [1]  14/12
dismiss [1]  17/3
dispute [1]  5/3
district [4]  1/1 1/1 1/11 15/20
divisible [1]  8/15
DNA [1]  15/25
do [12]  3/22 3/23 4/8 4/12 6/23 10/16 13/17
 14/15 14/17 16/19 16/21 16/22
document [1]  8/3
documentation [4]  6/2 6/5 6/14 6/20
documents [8]  4/22 6/1 7/7 7/9 7/19 8/17
 12/10 12/11
does [4]  3/21 4/24 6/4 16/14
doesn't [2]  6/17 14/16
doing [1]  6/23
don't [5]  6/10 7/9 12/10 12/10 17/18
double [1]  12/15
double-check [1]  12/15
doubt [1]  2/20
drinking [1]  14/15
drug [6]  14/9 14/10 14/11 15/3 17/20 17/21

## E

each [2]  10/16 11/23
eight [5]  12/13 12/14 12/19 12/19 12/20
enhancement [1]  9/14
enter [2]  11/9 11/14
entering [4]  10/3 10/7 12/2 12/5
entire [1]  15/2
entitled [1]  18/8
enumerated [1]  9/2
escaped [1]  4/5
escaping [1]  3/1
even [1]  6/17
event [1]  4/14
every [1]  8/24
extent [1]  17/6

## F

facility [2]  17/14 17/14

## G

facing [1]  5/8
fact [5]  2/21 4/2 4/17 5/2 16/15
factors [1]  15/11
factual [2]  3/25 4/3
family [5]  14/2 14/21 15/1 15/2 17/13
fax [1]  18/12
felonious [1]  11/15
felony [1]  7/24
felt [2]  5/21 5/22
Ferguson [1]  18/10
fifteen [1]  5/14
filed [3]  2/16 3/13 6/12
find [1]  9/1
finding [3]  12/25 15/13 16/15
finds [1]  8/25
fine [1]  15/14
finish [1]  2/23
firearm [1]  15/24
first [3]  2/16 10/2 14/13
five [5]  2/25 4/2 4/4 12/12 12/18
FL [2]  1/22 18/11
FLETCHER [2]  1/17 2/6
FLORIDA [6]  1/1 1/5 1/15 1/18 14/13 15/4
flsd.uscourts.gov [1]  1/23
following [1]  16/2
forecloses [1]  3/17
foregoing [1]  18/6
forfeiture [3]  16/9 16/12 17/3
forgive [1]  4/6
Fort [2]  1/15 1/18
forth [3]  7/9 8/23 15/11
four [6]  2/25 4/2 7/11 11/12 12/12 12/16
friends [2]  15/2 17/13
FT [1]  1/5
further [1]  8/9
future [1]  4/14

## G

generic [3]  8/13 8/19 9/12
get [2]  7/7 14/23
go [3]  3/7 3/8 4/24
goes [1]  3/24
going [4]  2/23 14/6 14/14 17/2
gone [1]  8/10
good [6]  2/2 2/3 2/5 2/6 2/8 14/21
goods [1]  11/16
got [2]  14/9 14/18
Government [10]  3/11 3/21 4/21 5/25 6/14
 7/7 7/16 8/25 15/7 17/3
Government's [1]  7/4
grand [2]  2/19 3/9
grant [1]  17/5
guideline [1]  13/13
guidelines [1]  15/11

## H

had [9]  2/16 4/19 5/21 5/22 6/12 6/14 7/11
 11/3 14/19
Hannon [1]  8/5
happen [1]  14/20
happened [2]  12/8 13/21
has [13]  2/13 3/2 3/19 4/1 4/21 8/20 9/10
 9/21 13/5 15/9 16/14 17/12 17/21
have [26]
haven't [1]  13/24
having [1]  8/17
he [34]

**H**

HEARING [1] 1/10
held [2] 2/18 9/10
here [3] 3/6 14/21 15/1
hereby [2] 16/10 18/6
heroin [1] 13/23
Highway [1] 1/15
him [2] 15/1 15/6
his [6] 4/4 14/3 14/9 14/21 15/1 16/15
history [2] 13/13 17/21
hold [1] 12/15
Honestly [1] 14/18
Honor [27]
HONORABLE [1] 1/10
hour [1] 17/20
hours [1] 15/19
how [2] 9/17 9/20

**I**

I'll [1] 4/14
I'm [6] 4/10 4/11 6/10 6/11 7/1 13/20
I've [1] 16/20
identify [1] 9/23
immediately [1] 16/5
imposed [3] 13/18 16/14 16/20
imprisoned [1] 15/17
imprisonment [2] 15/17 16/7
incident [1] 13/21
include [3] 13/8 17/16 17/25
included [2] 7/11 8/3
including [2] 6/1 16/2
increased [1] 2/18
independently [1] 11/23
indicate [1] 2/24
indicated [4] 5/25 6/11 8/10 9/9
indictment [5] 3/22 3/23 7/12 10/12 10/13
inexplicable [1] 14/19
injury [2] 9/7 13/7
instance [1] 7/3
instruments [1] 8/18
intent [5] 10/3 10/7 11/10 11/15 12/5
interest [1] 16/10
intervening [2] 11/1 11/2
investigation [1] 5/21
involve [1] 9/5
involved [1] 13/6
is [67]
it [23]
it's [6] 5/3 6/6 6/8 11/2 13/2 13/22
its [1] 8/25

**J**

James [2] 7/22 9/10
Jersey [4] 2/17 8/13 15/4 17/13
JOSEPH [2] 1/6 15/16
Jr [1] 18/10
JUDGE [8] 1/11 2/13 6/10 7/15 8/22 10/23 11/7 17/8
judgment [4] 15/15 17/6 17/16 18/1
judgments [2] 4/21 6/1
July [1] 11/5
jurisdiction [1] 11/8
jury [7] 2/19 2/20 3/10 3/10 3/24 3/24 4/12
just [9] 5/3 7/1 8/2 12/14 13/20 14/1 14/5 15/5 17/10
justice [2] 3/1 4/6

**K**

KILLINGER [2] 1/14 2/2
KMM [1] 1/2
know [4] 13/20 13/21 13/25 17/18
known [1] 13/3

**L**

lacerating [1] 8/6
laid [1] 3/12
larceny [1] 10/4
last [2] 12/7 14/7
late [1] 14/20
later [1] 11/12
law [3] 3/20 4/11 4/14
least [4] 4/4 4/25 14/12 15/6
let [2] 6/10 12/14
letters [2] 14/23 14/24
level [1] 13/12
life [3] 5/13 5/14 14/20
lifetime [1] 13/23
like [1] 13/22
listed [2] 6/3 6/15
listening [1] 13/21
look [2] 8/17 10/12
looking [1] 6/3
lot [1] 17/12

**M**

made [1] 9/8
maiming [1] 8/6
mainly [1] 14/1
make [6] 6/11 6/17 8/22 8/24 9/5 12/25
making [2] 4/13 13/9
manner [1] 16/16
many [3] 4/22 9/17 9/20
masters [1] 14/9
matter [2] 4/11 14/16
maximum [3] 2/18 5/7 5/10
may [3] 8/25 16/25 17/10
me [8] 4/5 4/6 4/21 4/25 6/4 6/10 12/14 13/22
mean [1] 11/1
memorandum [3] 7/9 7/11 8/23
Miami [4] 1/22 1/22 18/11 18/11
MICHAEL [1] 1/10
miller [4] 1/21 1/23 18/9 18/9
mind [1] 3/1
minimum [1] 9/17
minute [2] 17/1 17/10
money [1] 11/16
months [3] 13/14 15/17 16/7
MOORE [1] 1/10
more [1] 14/19
morning [1] 2/2
most [1] 8/1
move [1] 17/3
Mr. [8] 2/7 2/14 3/18 8/20 13/17 14/6 16/19 17/12
Mr. Close [6] 2/7 2/14 13/17 14/6 16/19 17/12
Mr. Peacock [1] 8/20
Mr. Peacock's [1] 3/18
must [2] 2/19 3/4
my [9] 3/1 3/13 7/9 7/19 8/23 8/23 13/22 13/25 14/1

**N**

name [1] 4/5
necessarily [1] 10/23
need [1] 4/8
needs [2] 12/22 12/23
neither [1] 7/6
New [4] 2/17 8/13 15/4 17/13
next [7] 5/19 8/16 10/6 10/9 11/25 12/1 12/4
no [6] 1/2 8/1 13/10 16/17 16/23 17/1
nondivisible [1] 8/16
nongeneric [1] 8/14
North [1] 1/18 18/11
not [23]
note [5] 4/1 5/16 5/17 12/24 14/5
noted [2] 5/21 16/3
now [4] 3/19 5/25 8/23 16/14
number [2] 4/2 9/17

**O**

object [2] 2/15 16/15
objected [2] 5/22 6/24
objection [13] 2/16 3/19 4/13 4/13 5/5 5/16 5/19 6/22 6/22 6/23 8/1 12/24 13/10
objections [5] 2/11 6/12 13/11 13/15 16/18
obviously [1] 3/16
occasions [1] 10/14
occurring [1] 10/10
offender [1] 5/4
offense [2] 9/13 13/12
offenses [4] 6/16 7/1 9/2 12/21
Office [4] 1/14 1/17 13/12 15/20
Official [2] 1/21 18/10
Oh [1] 13/2
okay [17] 2/9 3/11 5/16 6/21 7/2 10/22 11/25 12/3 12/12 12/24 13/4 13/17 14/14 17/5 17/11 17/25 18/3
old [1] 3/8
oldest [1] 3/7
omit [1] 17/6
once [1] 5/25
one [15] 4/2 7/20 8/9 10/2 10/6 10/9 12/1 12/4 12/7 12/12 12/16 13/13 14/12 14/19 17/9
ones [3] 7/18 8/9 11/20
only [4] 8/22 9/1 12/22 12/23
opposed [2] 5/12 8/16
order [1] 16/12
ordered [1] 16/10
other [8] 2/21 6/2 6/14 8/9 8/22 13/10 15/24 17/9
otherwise [2] 9/5 13/6
out [4] 3/2 3/12 6/10 7/21
outlined [1] 7/17
over [1] 14/13
overruled [1] 13/15
overrules [1] 3/15
own [1] 13/18

**P**

P-R-O-C-E-E-D-I-N-G-S [1] 2/1
p.m [1] 18/4
Pages [1] 1/7
Paragraph [12] 5/23 5/23 6/25 8/1 10/2 10/6 10/15 12/1 12/4 12/6 12/7 17/24
paragraphs [4] 6/12 6/13 7/17 9/24
Part [1] 16/3

**P**

parties [1]  15/10
past [1]  13/22
pay [2]  15/13 16/5
PEACOCK [3]  1/17 2/7 8/20
Peacock's [1]  3/18
penalty [1]  5/7
Pennsylvania [1]  14/10
people [1]  15/3
period [2]  11/3 14/14
Permissible [1]  16/3
person [2]  14/21 15/20
petit [2]  2/20 3/10
Philadelphia [1]  14/10
physical [2]  9/6 13/7
PIERCE [3]  1/5 1/15 1/18
place [1]  17/9
placed [1]  15/18
Plaintiff [2]  1/4 1/14
plea [2]  16/11 17/1
please [1]  17/1
pled [2]  2/19 3/9
point [3]  7/21 7/22 17/4
posed [1]  16/17
possess [1]  15/24
possessing [1]  15/23
possible [2]  5/7 17/15
potential [2]  9/6 13/7
precedent [2]  3/16 3/16
predicate [3]  6/16 9/12 12/21
present [1]  2/9
presentence [5]  2/13 5/20 15/10 16/3 17/23
presents [1]  13/6
preserve [4]  3/18 4/8 4/13 8/24
preserved [1]  5/17
preserving [1]  5/5
previously [1]  16/17
prior [6]  2/21 3/4 4/4 4/11 4/17 4/25
Prisons [1]  15/16
Probation [4]  5/22 7/6 13/12 15/20
problem [1]  14/8
proceeding [1]  16/13
proceedings [2]  18/4 18/7
program [1]  17/20
prohibited [1]  15/23
prong [2]  8/7 13/2
pronounced [1]  16/16
property [1]  16/5
proposed [1]  16/12
prove [2]  3/21 3/24
proven [4]  2/19 3/4 3/9 3/10
provided [3]  4/21 6/1 6/14
proving [1]  7/10
provision [3]  5/4 13/1 13/1
provisions [1]  11/17
proviso [1]  2/24
PSI [6]  6/3 6/9 6/11 6/15 7/18 10/1
Public [1]  1/17
purposes [1]  5/18
pursuant [3]  2/14 9/14 12/25
putting [1]  14/2

**Q**

qualified [5]  4/20 5/22 5/22 6/9 9/2
qualifiers [1]  6/3
qualifies [2]  8/7 17/19

qualify [7]  4/25 6/12 6/16 9/3 10/16 10/25
 11/23
qualifying [6]  5/24 6/25 9/12 9/22 9/23
 12/20

**R**

range [1]  13/13
reads [1]  13/5
really [1]  14/21
reasonable [1]  2/20
recent [1]  8/11
recognize [1]  13/24
recommend [2]  17/14 17/20
record [2]  7/15 16/25
reflect [2]  11/3 17/6
reflected [1]  17/6
regard [1]  5/6
regarding [1]  6/14
regulations [1]  17/19
release [6]  15/17 15/18 15/19 15/22 16/2
 16/8
released [2]  14/7 15/21
relevant [1]  8/14
relying [5]  7/8 7/16 7/16 12/9 13/1
report [6]  2/13 5/21 15/10 15/20 16/4 17/23
REPORTED [1]  1/21
Reporter [2]  1/21 18/10
represents [1]  9/6
reserve [1]  16/18
residence [1]  7/21
residual [4]  7/24 9/4 9/13 13/3
respected [1]  15/3
responded [1]  6/1
response [8]  3/11 3/12 3/13 4/20 4/23 6/13
 7/4 7/19
responsibility [1]  13/25
responsible [1]  14/11
returned [1]  3/22
right [8]  3/19 6/17 11/8 11/24 12/17 12/19
 16/9 16/20
risk [2]  9/6 13/7
RMR [2]  1/21 18/9
row [1]  15/2
RUSSELL [2]  1/14 2/2
rut [1]  14/18

**S**

said [2]  3/2 17/2
same [5]  8/15 10/12 11/7 11/13 11/19
say [5]  2/4 7/16 13/17 13/20 17/2
saying [2]  2/24 11/18
says [1]  7/23
search [1]  16/3
Section [1]  15/12
sent [1]  14/23
sentence [8]  2/19 2/24 13/18 15/6 16/7
 16/14 16/16 16/20
SENTENCING [1]  1/10
separate [7]  10/10 10/13 10/14 10/14 10/24
 10/25 11/22
SEPTEMBER [1]  1/4
serious [2]  9/6 13/6
set [3]  7/8 8/23 15/11
seven [5]  9/22 9/23 12/13 12/18 12/19
several [1]  6/14
shall [9]  15/18 15/19 15/22 15/23 15/24
 15/25 16/1 16/5 16/11

short [1]  3/14
should [2]  2/3 3/9
shows [1]  7/13
since [2]  2/25 14/6
sir [5]  2/10 5/15 13/16 16/23 18/2
six [3]  12/13 12/18 17/4
so [18]  3/20 4/4 4/10 4/16 5/2 5/16 6/7 6/17
 6/21 7/8 7/15 8/6 11/13 11/17 11/22 12/12
 12/24 13/8
some [3]  3/8 4/14 4/19
somebody [1]  14/20
sorry [2]  6/10 13/20
South [1]  1/15
SOUTHERN [1]  1/1
speak [1]  6/10
special [3]  16/2 16/6 16/8
standard [1]  16/1
standing [1]  6/21
start [1]  14/13
started [1]  14/14
statements [1]  15/9
STATES [9]  1/1 1/3 1/11 1/21 2/3 15/12
 16/6 16/11 18/10
statute [5]  7/25 8/13 8/13 11/17 13/25
statutes [1]  8/15
statutory [2]  2/18 15/11
steal [5]  10/4 10/8 11/10 11/15 12/5
step [1]  8/17
stipulation [2]  3/25 4/3
Street [1]  1/18
striking [1]  4/8
structure [2]  7/14 9/11
style [1]  9/12
submit [1]  16/11
submitted [1]  4/12
substance [4]  14/8 14/16 14/16 15/25
such [2]  4/15 8/21
suffering [1]  14/18
supervised [4]  15/18 15/22 16/1 16/8
support [3]  6/5 14/22 15/1
Supreme [7]  2/17 3/14 3/15 7/22 7/23 8/11
 9/10
sure [2]  6/11 8/24

**T**

take [2]  2/11 11/15
takes [1]  8/16
ten [1]  5/10
ten-year [1]  5/10
term [1]  15/18
test [1]  10/24
than [1]  2/21
Thank [3]  16/24 17/8 18/2
that [109]
that's [6]  3/19 4/10 11/18 12/1 12/18 13/23
them [8]  3/8 3/24 4/20 8/20 10/16 11/23
 14/2 14/20
themselves [1]  10/16
then [3]  11/10 12/16 14/14
there [12]  4/7 6/4 6/6 6/20 7/21 8/1 9/17
 10/24 11/2 12/14 13/9 17/1
these [4]  4/11 4/17 8/14 13/21
they [11]  2/24 4/22 9/3 9/5 10/1 10/11 10/13
 10/24 11/7 11/13 11/22
thing [1]  17/9
things [1]  14/13
think [6]  3/7 6/9 6/20 7/22 8/20 14/14

## T

Thirty [2]  7/11 12/9
Thirty-four [1]  7/11
Thirty-two [1]  12/9
this [20]
THOMAS [3]  1/6 4/6 15/15
those [12]  3/9 4/3 4/4 4/24 4/25 5/3 6/4 6/9
 7/18 7/20 10/19 13/11
three [14]  4/2 4/25 5/21 6/3 6/8 9/19 9/20
 11/20 12/12 12/16 12/22 12/23 13/2 16/12
through [4]  4/24 8/10 14/2 14/14
throughout [1]  15/3
time [7]  2/25 4/14 8/24 11/3 11/3 15/6 15/8
times [2]  8/12 8/14
title [2]  15/12 16/9
today [3]  3/3 3/21 15/2
together [1]  12/19
Torrez [2]  3/1 3/15
Total [1]  16/7
tragedy [1]  15/5
TRANSCRIPT [1]  1/10
transcription [1]  18/7
treat [1]  4/15
treatable [1]  17/14
treating [1]  4/10
treatment [2]  15/4 17/20
trial [1]  3/24
trouble [1]  13/24
turned [1]  14/8
two [12]  4/2 6/9 8/7 10/10 10/13 10/13
 10/14 12/9 12/12 12/16 15/19 16/7

## U

U.S [4]  1/14 1/15 1/17 18/10
under [11]  3/4 3/9 4/20 5/1 6/16 7/24 8/7
 8/11 9/4 9/13 17/19
underlying [6]  4/22 6/2 7/7 7/12 8/17 12/10
understand [3]  3/18 13/25 16/19
unintelligible [4]  11/9 11/14 11/15 11/16
UNITED [9]  1/1 1/3 1/11 1/21 2/3 15/12
 16/5 16/11 18/10
unlawfully [1]  11/9
unless [1]  3/14
until [1]  3/14
up [4]  2/11 3/3 3/24 14/23
Upon [1]  15/17
USC [1]  2/14
used [1]  11/20

## V

various [1]  8/12
versus [2]  2/17 3/15
Village [1]  11/17
violence [1]  8/7
violent [1]  7/24
vote [2]  3/2 3/3

## W

want [4]  6/10 7/1 13/17 13/20
wanting [1]  3/18
was [19]
way [3]  3/2 4/10 8/25
we [29]
well [12]  3/4 3/6 3/10 4/19 6/19 7/19 9/9
 9/14 10/11 10/21 17/7 18/1
went [1]  14/14
were [10]  5/8 6/2 6/8 7/7 8/15 10/11 10/19

 11/19 11/22 13/1
what [10]  3/6 5/6 5/6 6/22 11/4 12/8 12/13
 12/25 13/24 14/16
What's [1]  7/4
when [2]  3/22 13/23
where [4]  11/3 14/15 15/20 17/22
whether [3]  8/18 10/24 11/2
which [20]
While [1]  15/22
Wilkie [1]  18/10
will [8]  2/11 5/16 12/24 13/8 17/5 17/6
 17/16 17/25
willfully [1]  11/14
wish [1]  16/22
withdrawing [1]  6/22
within [2]  15/19 16/12
would [25]
wounding [1]  8/6

## Y

year [1]  5/10
years [6]  3/7 5/14 13/24 14/6 15/19 16/7
yes [13]  2/10 2/12 2/23 5/15 6/24 9/25 10/18
 10/18 10/20 13/19 14/4 14/25 16/21
you [27]
youngest [1]  3/7
your [33]